CV-10 0751

David Lopez, Esq.
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:    (631) 287-5520
Fax:    (631) 283-4735
e-Mail: DavidLopezEsq@aol.com





LONG ISLAND OFFICE

BIANCO, J.

TOMLINSON, M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————

**DEBORAH DONOGHUE,**

    Plaintiff,

- against -

**TYLER TECHNOLOGIES, INC.,**

    Defendant.

——————————————/

    Plaintiff, by DAVID LOPEZ, ESQ., her attorney, complaining of the defendant, alleges as follows:

    1. Jurisdiction over this action is conferred upon the court and arises as a procedural incident to a recovery under the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b) and Section 78aa, and other relevant sections. This action is not a collusive one intended to confer jurisdiction of a cause upon a court of the United States over which it would not otherwise have cognizance.

2. Upon information and belief, and at all times hereinafter mentioned, TYLER TECHNOLOGIES, INC. was and is a Delaware corporation with principal offices at 5949 Sherry Lane, Suite 1400, Dallas, Texas 75225.

3. Upon information and belief, at all times hereinafter mentioned, the defendant's issued and outstanding shares of common stock were registered pursuant to Section 12 of the Securities Exchange Act of 1934 and were not exempted securities thereunder. The common stock of TYLER TECHNOLOGIES, INC. is traded on the New York Stock Exchange located within the State of New York. Services giving rise to the recovery to be recited herein and which are the source of the claim hereunder were rendered in whole or in part within the Eastern District of New York.

4. At all times hereinafter mentioned, the plaintiff, DEBORAH DONOGHUE, was and still is an owner of common stock of the defendant.

5. At all times hereinafter mentioned the plaintiff's attorney, DAVID LOPEZ, ESQ., was and still is an attorney engaged in the practice of law within this district.

6. Upon information and belief at all times hereafter

mentioned DUSTIN W. WOMBLE was an insider of TYLER TECHNOLOGIES, INC., to wit: an officer and director.

7. DUSTIN R. WOMBLE purchased 10,000 shares, more or less, of the common stock of TYLER TECHNOLOGIES, INC. on or about August 10, 2009.

8. DUSTIN R. WOMBLE sold 30,000 shares of TYLER TECHNOLOGIES, INC. common stock on November 4, 2009, within six months at prices higher than paid for the shares purchased as aforesaid.

9. Upon information and belief, DUSTIN R. WOMBLE realized aggregate profits through his pecuniary interest in such transactions of $36,100.00, which were recoverable by TYLER TECHNOLOGIES, INC. under the provisions of Section 16(b) of the Act.

10. Upon information and belief DUSTIN R. WOMBLE failed to pay over such profits to TYLER TECHNOLOGIES, INC. except as hereinafter described. DUSTIN R. WOMBLE on the one hand and TYLER TECHNOLOGIES, INC. on the other, were ignorant of their respective rights and obligations prior to the intervention of the plaintiff and of her counsel.

11. Pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934 the plaintiff, DEBORAH DONOGHUE, as a stockholder of TYLER TECHNOLOGIES, INC. was authorized and empowered to investigate and to ascertain all transactions effected in its equity securities by officers, directors and more-than-10% shareholders of TYLER TECHNOLOGIES, INC. for the purpose of determining whether any such transactions came within the purview of the statute; for the purpose of requesting the defendant to commence suit against any of its officers, directors or more-than-10% shareholders to seek recovery of any profits which they might have realized from their illegal transactions in the defendant's equity securities; and for the purpose of commencing suit against any such officers, directors or more-than-10% shareholders in the name and on behalf of the defendant to recover the short-swing profits realized by any of them in the event the defendant failed or refused to institute such action or failed diligently to prosecute such suit thereafter.

12. Acting under the right and authority granted to her by the statute aforesaid, the plaintiff stockholder, DEBORAH DONOGHUE, retained the legal services of DAVID LOPEZ, ESQ. in a derivative capacity on behalf of the

defendant herein to investigate the transactions effected in the defendant's securities by its officers, directors and more-than-10% shareholders to determine whether any of such transactions came within the purview of the statute; to determine and calculate the profits, if any, realized by such officers or directors or more-than-10% shareholders and the nature and extent of their statutory liability; to make proper statutory demand on the defendant requesting that it institute suit against any of its officers, directors or more-than-10% shareholders for the recovery of such statutory profits; to furnish the defendant with information as might be necessary or proper for the commencement and prosecution of such action; and to prepare all pleadings, proofs and papers necessary or proper for the commencement of such suit in the event the defendant failed or refused to institute such action or failed diligently to prosecute the same thereafter.

13. The plaintiff, DEBORAH DONOGHUE, agreed to pay a fair and reasonable counsel fee to DAVID LOPEZ, ESQ. for his legal services rendered, contingent upon any benefits which the defendant might derive therefrom and contingent upon the defendant's reimbursing the plaintiff in the amount of such legal fees so incurred.

14. The law firm of DAVID LOPEZ, ESQ. undertook to perform all legal services required pursuant to the aforesaid contingent retainer and after making a complete and exhaustive investigation into the law applicable thereto and after ascertaining that the transactions of DUSTIN R. WOMBLE in the defendant's securities had been made in violation of Section 16(b) of the Securities Exchange Act of 1934, and after computing and determining that DUSTIN R. WOMBLE had realized profits which were recoverable by TYLER TECHNOLOGIES, INC. in accordance with the applicable provisions of the statute aforesaid plaintiff, through her attorney, on November 5, 2009, made written demand, delivered the same day, upon the board of directors of TYLER TECHNOLOGIES, INC. that it act to recover all short-swing trading profits of DUSTIN R. WOMBLE through his trading in shares of TYLER TECHNOLOGIES, INC. during periods of less than six months while an insider and fiduciary thereof.

15. In response thereto and as a result thereof TYLER TECHNOLOGIES, INC. collected $36,100.00 from DUSTIN R. WOMBLE.

16. Plaintiff's counsel has requested of TYLER

6

TECHNOLOGIES, INC. a legal fee of $9,000.00 or roughly 25% of the benefit received by TYLER TECHNOLOGIES, INC.

17. TYLER TECHNOLOGIES, INC. has refused to acknowledge the request or to make such payment.

18. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to the defendant by plaintiff's attorney, DAVID LOPEZ, ESQ., and the defendant's subsequent actions taken pursuant thereto the defendant ratified and confirmed the right and authority granted by the statute to plaintiff, DEBORAH DONOGHUE, and to her attorney, DAVID LOPEZ, ESQ., to render the aforesaid services for and on behalf of the defendant herein.

19. Upon information and belief, the defendant has knowingly received, accepted and retained the benefits of the services rendered by plaintiff, DEBORAH DONOGHUE, through her attorney, DAVID LOPEZ, ESQ., and has realized a gain or benefit in the amount of $36,100.00, more or less, which it would not otherwise have realized but for such such services.

20. Plaintiff, DEBORAH DONOGHUE, is entitled to recover from the defendant a fair and reasonable fee for

7

her attorney for services contingently undertaken and incurred in performing those services and in taking the steps which resulted in the creation of the fund for defendant's benefit in the amount of $36,100.00. Plaintiff, DEBORAH DONOGHUE, seeks no personal benefit but brings this action to recover the expenses contingently incurred by her in an amount of the reasonable value of the legal services rendered by her attorney, DAVID LOPEZ, ESQ., and solely for the purpose of paying for those services.

21. Upon information and belief, and in view of the amount of benefit conferred upon the defendant the fair and reasonable value of the legal services rendered in this matter is $9,000.00.

**WHEREFORE**, plaintiff demands:

1. Judgment against the defendant in the amount of $9,000.00 inclusive of out-of-pocket disbursements, together with the costs of this action;

2. Such other, further and/or different relief as the court may deem just and proper.

Dated:  Southampton, New York
        February 16, 2010

                                            DAVID LOPEZ, ESQ.

                                            By: /s/ David Lopez
                                            DAVID LOPEZ, ESQ.
                                            DL - 6779
                                            Attorney For Plaintiff